IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVALACE GARRETT, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| | ) Case No. 1:21-cv-4029 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MARY KAY COSMETICS, INC., | )<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL OF
## MARY KAY, COSMETICS, INC.

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Mary Kay Inc.[1] ("Mary Kay"), by and through its counsel, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois:

### I. FACTUAL BACKGROUND

1. On June 25, 2021, Marvalace Garrett ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois, captioned Garrett v. Mary Kay Cosmetics, Inc., Case No. 2021-CH-3124 (Ill. Cir. Ct. (Cook County)). A copy of the Complaint is attached hereto as Exhibit 1. Plaintiff purported to effectuate service of the Complaint on Mary Kay on July 1, 2021, although the Complaint was not attached to the Summons. See Ex. 2.

2. Plaintiff alleges that she is an "individual citizen of the State of Illinois." Compl. (Ex. 1) at ¶ 3.

---

[1] While Defendant has sued "Mary Kay Cosmetics, Inc.," no such entity exists, and Mary Kay reserves all rights in that regard.

3.  Plaintiff alleges that Mary Kay "is a Delaware corporation with its principal place of business in Texas." Compl. (Ex. 1) at ¶ 4.

4.  The Complaint alleges that Mary Kay violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), when it purportedly captured and collected biometric identifiers or information via its "Mirror Me" program without making a written policy publicly available that established "any specific purpose and length of term for which the information was collected, captured, stored, obtained, and/or used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with" Mary Kay. Compl. (Ex. 1) at ¶¶ 83-84, 92.

5.  The Complaint further alleges that Mary Kay violated BIPA when it collected, captured, stored and/or otherwise obtained biometric identifiers or information of Plaintiff and members of the proposed class without informing them, in writing, that the identifiers or information were being obtained, collected, captured and/or stored; informing them, in writing, of the specific purpose and length for which such information was being collected, stored and used; or receiving a written release executed by Plaintiff and/or the members of the proposed class. Compl. (Ex. 1) at ¶ 85.

## II.  GROUNDS FOR REMOVAL

6.  This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441 and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, because Mary Kay and at least one member of the proposed class are citizens of different states and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A. The Proposed Class Readily Exceeds 100 Members

7. For purposes of removal, CAFA requires that the proposed class consist of at least 100 members. See 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed class as "[a]ll persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action." See Compl. ¶ 71.

8. Plaintiff further alleges that Mary Kay collected biometric identifiers, facial geometry, faceprints or facial data through the Mirror Me program. See Compl. (Ex. 1) ¶¶ 8-9.

9. Although Mary Kay disputes that it captured, collected or received any biometric information or identifiers through the Mirror Me program, the proposed class for purposes of removal easily includes more than 100 members, given that information available to Mary Kay indicates that more than 100 individuals in Illinois have used Mary Kay's Mirror Me program in the preceding five years. Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B. There Is Clearly Minimal Diversity Among The Parties

10. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d)(2)(A).

11. According to the Complaint, Plaintiff is an "individual citizen of the State of Illinois." See Compl. (Ex. 1) ¶ 3. Accordingly, Plaintiff is a citizen of the State of Illinois for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1). In addition, Plaintiff seeks to represent a class of Illinois residents. See Compl. (Ex. 1) ¶ 71.

12. Mary Kay is a Delaware corporation with its principal place of business in Texas. See Compl. (Ex. 1) ¶ 2. Accordingly, Mary Kay is a citizen of the State of Delaware and the State of Texas for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

13. Diversity of citizenship thus exists between Plaintiff and Mary Kay or, alternatively, between at least one other member of the proposed class and Mary Kay, and removal is proper. See 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

14. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

15. Plaintiff alleges that the class is entitled to liquidated damages of $1,000 per negligent violation of BIPA, $5,000 per willful or reckless violation, or actual damages, whichever is greater. See Compl. (Ex. 1) ¶ 88; id. Prayer for Relief § D; see also id. ¶ 24 (alleging Mary Kay violated BIPA "[e]ach time Plaintiff used" Mirror Me) (emphasis added); id. ¶¶ 48-49 (alleging BIPA provides recovery for "each violation" of BIPA) (emphasis added).

16. Upon information and belief, individuals in Illinois have used the "Mirror Me" program at least 6,000 times. Taking Plaintiff's factual and legal allegations as correct, and thus assuming statutory damages of at least $1,000 for "each" use, the amount in damages readily exceeds $5,000,000.

17. Plaintiff seeks injunctive relief as well, which is properly included in the amount-in-controversy calculation. See Keeling v. Esurance Ins. Co., 660 F.3d 272, 275-76 (7th Cir. 2011) (including injunctive relief in amount-in-controversy determination). Plaintiff seeks (i) an order requiring Mary Kay to publicly disclose a written policy establishing a specific purpose and length of term for which Plaintiff and other consumers' biometrics have been collected, captured, stored,

4

obtained, and/or used, as well as guidelines for permanently destroying such biometrics, (ii) an order requiring Mary Kay to disclose whether it has retained the biometric information of Plaintiff's and other Illinois consumers in any fashion, and if, when, and how such biometric information was permanently destroyed, (iii) injunctive relief requiring Mary Kay going forward to obtain a written release from any individual, prior to the capture, collection and/or storage of that individual's biometric identifiers or biometric information, (iv) injunctive relief requiring Mary Kay to disclose if (and how and to whom) Mary Kay has disseminated, sold, leased, traded or otherwise profited from the biometric information of Plaintiff and other Illinois consumers and to disclose the standard of care it employed to store, transmit, and protect such biometrics and (v) injunctive relief requiring Mary Kay to remedy any BIPA compliance deficiencies allegedly identified in the Complaint. See Compl. (Ex. 1) ¶¶ 92-96. These requests for injunctive relief, if ordered by the Court, would impose costs on Mary Kay that would only add to the amount in controversy, which already readily exceeds the jurisdictional threshold.

18. Mary Kay denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations as true, the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of CAFA. See 28 U.S.C. § 1332(d)(2).

### III. COMPLIANCE WITH REMOVAL STATUTE

19. The Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. See 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

20. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

21. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 1 and 2 are true and correct copies of the Complaint and all process, pleadings and orders served upon Mary Kay. See Compl. (Ex. 1); Summons (Ex. 2). Mary Kay has not filed an answer or other response to the Complaint in the Cook County Circuit Court prior to removal and is aware of one currently pending motion filed under Illinois procedural rules in that court.

22. The Complaint has not yet been served on Mary Kay. This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(1).

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is also being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

24. Mary Kay reserves the right to amend or supplement this Notice of Removal. Mary Kay further reserves all rights and defenses, including those available under Federal Rule of Civil Procedure and including all rights to move to compel arbitration or to enforce a class waiver provision.

## IV. CONCLUSION

Mary Kay respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent additional proceedings in this matter in the Circuit Court of Cook County, Illinois. Mary Kay further requests such other relief as the Court deems appropriate.

Dated: July 29, 2021

Respectfully submitted,

/s/ *Robert C. Collins III*
Robert C. Collins III, one of the Attorneys for Defendant Mary Kay Inc.

Mark S. Mester (Illinois Bar No. 6196140)
  mark.mester@lw.com
Robert C. Collins III (Illinois Bar No. 6304674)
  robert.collins@lw.com
Renatta A. Gorski (Illinois Bar No. 6332737)
  renatta.gorski@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Robert C. Collins III, hereby certify that I caused a copy of the foregoing to be served on the parties listed below, by email and prepaid, First Class United States mail, on July 29, 2021.

>Brandon M. Wise
>PEIFFER WOLF CARR KANE & CONWAY, LLP
>818 Lafayette Ave., Floor 2
>St. Louis, Missouri 63104
>Telephone: (314) 833-4825
>Email: bwise@peifferwolf.com

Dated: July 29, 2021

>/s/ *Robert C. Collins III*
>Robert C. Collins III, One of the Attorneys for Defendant Mary Kay Inc.
>
>Robert C. Collins III (Illinois Bar No. 6304674)
>LATHAM & WATKINS LLP
>330 North Wabash Avenue, Suite 2800
>Chicago, Illinois 60611
>Telephone: (312) 876-7700
>Facsimile: (312) 993-9767
>Email: robert.collins@lw.com